UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ERIC BOYINGTON,

        Plaintiff,

vs.                       Case No. 2:09-cv-570-FtM-29SPC

THE GEO GROUP, INC.,

        Defendant.

_____

**ORDER OF DISMISSAL**

**I.**

This matter comes before the Court upon review of the Civil Rights Complaint (Doc. #1, Complaint), filed on August 31, 2009. Plaintiff, who is proceeding *pro se*, initiated this action as a civil detainee[1] at the Florida Civil Commitment Center (hereinafter "FCCC").[2]

Despite Plaintiff's non-prisoner status, the Complaint remains subject to initial review under 28 U.S.C. § 1915(e)(2)(B)(i)-(iii),[3] Pursuant to 28 U.S.C. § 1915, the Court is required to

---

[1]Plaintiff states that he has had his Jimmy Ryce Trial and is civilly committed at the FCCC. Complaint at 1.

[2]Plaintiff did not accompany the filing of his Complaint with a motion to proceed *in forma pauperis* and the Court will not direct Plaintiff to do so because the action is subject to dismissal.

[3]The Court recognizes that certain portions of the Prison Litigation Reform Act are not applicable to Plaintiff as a civil detainee. Troville v. Venz, 303 F.3d 1256, 1260 (11th Cir. 2002). The United States Court of Appeals for the Eleventh Circuit previously found that a district court did not error by dismissing

(continued...)

review Plaintiff's Complaint to determine whether the complaint is frivolous, malicious or fails to state a claim. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). In essence, § 1915(e)(2) is a screening process, to be applied *sua sponte* and at any time during the proceedings. The Court, nonetheless, must read Plaintiff's *pro se* allegations in a liberal fashion. Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003).

A complaint filed *in forma pauperis* which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Rather, the test for granting a § 1915 dismissal is whether the claim lacks arguable merit either in law or fact. Id. at 325; Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309 (11th Cir. 2002); Bilal v. Driver, 251 F.3d 1346 (11th Cir. 2001). Additionally, § 1915 requires dismissal when the legal theories advanced are "indisputably meritless," Nietzke, 490 U.S. at 327; when the claims rely on factual allegations which are "clearly baseless" Denton v. Hernandez, 504 U.S. 25, 32 (1992); or, when it appears that the plaintiff has little or no chance of success. Bilal, 251 F.3d at 1349.

---

[3](...continued)
a Complaint filed by a civil detainee for failure to state a claim under the *in forma pauperis* statute, 28 U.S.C. Section 1915 (e)(2)(B). Id. at 1260. Other Courts have also found that section 1915(e)(2)(B) is not limited to prisoners, but applies to all persons proceeding *in forma pauperis*. See Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001).

Title 42 U.S.C. § 1983 imposes liability on anyone who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws." To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) defendants deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998); U.S. Steel, LLC v. Tieco, Inc., 261 F.3d 1275, 1288 (11th Cir. 2001). In addition, a plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. Marsh v. Butler County, Ala., 268 F.3d 1014, 1059 (11th Cir. 2001); Swint v. City of Wadley, Ala., 51 F.3d 988, 999 (11th Cir. 1995); Tittle v. Jefferson County Comm'n, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994).

## II.

The Complaint names GEO Group, Inc., (hereinafter "GEO") in its official capacity, as the sole defendant. Complaint at 2. Plaintiff alleges that GEO is violating his constitutional rights by denying him access to the FCCC's computer lab. Id. Plaintiff states "[a]ll residents at this facility are allowed to utilize the computer lab for doing legal work, writing letters and loading music and videos on their personal storage devices." Id. However, Plaintiff states he is not permitted into the computer lab and has been given no valid reason. Id. Plaintiff argues that his denial

of access to the computer lab violates the Equal Protection Clause and the Due Process Clause.  Id.

### III.

The Court finds that Complaint is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.  Even liberally construing the facts alleged in the Complaint, the Court cannot conceive of any violation of Plaintiff's federal constitutional rights.

Plaintiff first claims an equal protection claim.  In order to plead an equal protection claim, a plaintiff must allege: (1) that he has been treated differently than "similarly situated" individuals, and (2) that the discrimination is based upon a constitutionally impermissible basis, such as race, religion, national origin, or some other protected right.  Sweet v. Sec'y Dep't of Corr., 467 F.3d 1311, 1319 (11th Cir. 2006), cert. denied 550 U.S. 922 (2007); Jones v. Ray, 279 F.3d 944, 946-947 (11th Cir. 2001).  Here, the Complaint alleges that Plaintiff is being treated differently than other FCCC residents by being denied access to the computer lab, while other residents have access to the computer lab.  However, the Complaint contains no allegations that the basis for the denial is attributed to an impermissible basis.  Thus, the Complaint fails to state an Equal Protection claim.

Similarly, despite Plaintiff's contentions that his due process rights have been violated, the Court finds no due process violation.  The Due Process Clause protects against the deprivation

of "life, liberty, or property" without due process of law. Wilkinson v. Austin, 545 U.S. 209, 221 (2005). Thus, to invoke the Due Process Clause, one of these interests must be at stake. Id. If an interest is protected, then the Court must consider the sufficiency of the procedures used to justify the deprivation of that interest. Kentucky Dep't of Corr. v. Thompson, 490 U.S. 454 (1989). In this case, denial of access to the computer lab does not amount to a deprivation of a protected interest under the Due Process Clause. Other courts have similarly denied claims concerning computers. See Endsley v. Luna, 2:06-cv-04100, 2008 WL 3890382 *3 (C.D. Cal. 2008)(finding no due process violation because pretrial detainee has no constitutional interest in personal computer); McQueen v. Wickliff, 1:06-cv-2, 2008 WL 2557430 *1 (E.D. Mo. 2008)(denying prisoner's motion for preliminary injunction for more access to prison's law library and computers as groundless).

ACCORDINGLY, it is hereby

**ORDERED**:

1.   Plaintiff's Complaint is **DISMISSED**, without prejudice, pursuant to § 1915(e)(2)(B)(ii).

2.   The Clerk of Court shall terminate any pending motions, enter judgment accordingly, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on this   25th   day of September, 2009.

JOHN E. STEELE
United States District Judge

-5-

SA: alj
Copies: All Parties of RecorD